ISHEE, J.,
 

 for the Court.
 

 ¶ 1. The Chancery Court of Pearl River County entered a judgment in favor of Randall A. Slade, Ken W. Slade, and Rodney G. Slade (collectively the Slades) on August 28, 2008. On October 14, 2008, the trial court heard Kevin Dufrene’s motion to set aside the judgment, and on November 4, 2008, the court entered a written order denying the motion. Feeling aggrieved, Dufrene has appealed the trial court’s order. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On August 22, 2007, the Slades filed a complaint for injunction and other equitable relief against Dufrene. Dufrene was properly served, and he makes no argument that there was any error or insufficiency in the service of the complaint. Due to Dufrene’s decision to proceed pro se, the Slades filed a motion for trial setting on March 17, 2008, and personally
 
 *704
 
 served the motion for trial setting on Du-frene on April 16, 2008.
 

 ¶ 3. On April 30, 2008, counsel for the Slades and Dufrene appeared at the hearing to set the trial date. Both parties agreed that the date of trial would be set for June 23, 2008. However, before an order was entered setting the date of trial for June 23, the trial court administrator informed counsel for the Slades that the date was no longer available for the trial judge. Shortly after gaining this knowledge, the Slades’ attorney wrote Dufrene and asked him if he would be agreeable to a trial date of August 19, 2008, commencing at 9:00 a.m. at the Pearl River County Courthouse in Poplarville, Mississippi. Enclosed in the letter was an agreed order of continuance setting the matter for trial on August 19, 2008. Dufrene makes no argument or dispute that he received, signed, and returned an agreed order of continuance setting the trial date for August 19, 2008.
 

 ¶ 4. After receiving the signed agreed order, counsel for the Slades executed the order, and forwarded it to the trial court clerk for filing. The order was filed on May 21, 2008.
 

 ¶ 5. On August 19, 2008, at the Pearl River County Courthouse, both parties were called on the docket, but Dufrene did not appear. In an effort to give Dufrene additional time to appear, the court moved on and finished all the other matters on the docket for that day. Dufrene never appeared before the court; accordingly, the case proceeded without him. After hearing all available testimony and reviewing all of the relevant exhibits, the trial court entered a judgment on August 28, 2008, in favor of the Slades, granting them certain relief.
 

 ¶ 6. On September 2, 2008, counsel for the Slades mailed a copy of the judgment to Dufrene. Three days later, on September 5, 2008, Dufrene filed a motion to set aside the judgment. Dufrene claimed that he was not present at the August 19, 2008, trial date “due to lack of notification of the court date.” On October 14, 2008, the trial court heard the motion to set aside judgment, and on November 4, 2008, the court entered its written order denying the motion.
 

 DISCUSSION
 

 ¶ 7. Rule 40 of the Mississippi Rules of Civil Procedure governs the assignment of cases for trial. It “establishes an orderly but flexible method of scheduling cases for trial, while assuring that the parties receive appropriate notice at important stages of the process.” M.R.C.P. 40 cmt. Rule 40(b) of the Mississippi Rules of Civil Procedure is applicable here. Rule 40(b) provides, in pertinent part, as follows:
 

 The court shall provide by written direction to the clerk when a trial docket will be set.... The clerk shall within three (3) days after a case has been placed on the trial docket notify all parties who
 
 were not present personally or by their attorney of record at the docket setting
 
 as to their trial setting. Notice shall be by personal delivery or by mailing of a notice within said three (3) day period. Matters in which a defendant is summoned to appear and defend at a time and place certain pursuant to Rule 81 or in which a date, time and place for trial have been previously set shall not be governed by this rule.
 

 M.R.C.P. 40(b) (emphasis added). The comment to Rule 40 points out that “[p]arties who are present at the setting receive notice of the date and time of trial at that time.” M.R.C.P. 40 cmt.
 

 ¶ 8. Perhaps more importantly, Rule 40(c) allows parties to agree to the date of trial. It states that “[p]arties, including
 
 *705
 
 those who are in a representative or fiduciary capacity, may waive any waiting period imposed by these rules or statute and agree to a time and place for trial.” M.R.C.P. 40(c). The comment makes clear that the parties are not bound to follow the formalities of Rule 40(a) and (b), but may agree upon a trial date. M.R.C.P. 40 cmt.
 

 ¶ 9. Since Dufrene admittedly signed the agreed order setting the trial for August 19, 2008, he had sufficient notice of his trial. Dufrene’s presence at the hearing for setting the trial date was sufficient notice to satisfy Rule 40(b), and his agreement to reschedule the trial date was explicitly allowed under Rule 40(c). Although Du-frene argues that he should have received confirmation of the trial date from the Slades, there was no obligation for them to do so, and Dufrene never sought any such confirmation. After agreeing to the trial date, Dufrene received no notice of any further continuances; therefore, no further notice was necessary. Accordingly, we find that this issue is without merit.
 

 ¶ 10. Dufrene argues in his brief that he has been overreached, but he provides no evidence to support this argument. Dufrene provides no evidence that the trial court awarded relief to the Slades based solely on the fact that he was not present on the day of trial. Testimony and other documentary evidence were received and admitted into evidence. After having heard all the available testimony and reviewed the relevant exhibits, the trial court entered a judgment in favor of the Slades.
 

 ¶ 11. Dufrene failed to appear on the trial date after receiving proper notice, and he fails to show that he has been overreached; thus, we find that these issues are without merit. Because of the reasons stated above, the judgment in favor of the Slades is affirmed.
 

 ¶ 12. THE JUDGMENT OF THE PEARL RIVER COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.